**OLLIE *vs.* OGILVIE.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

A proprietor who divides a piece of his land into town lots, is not required to submit a plan of his town lots for the approval of the police jury.

So, the owner is not guilty of deception towards purchasers of lots, when he omits to mark on his plan a *private* road which had been used to pass over his land; and which is afterwards taken by the police jury for a public one. It is sufficient to designate the public road and levee, existing as such at the time.

This is an action to rescind the sale of certain town lots in Greenville, a small *villa* laid out on the banks of the Mississippi, a few miles above New-Orleans in 1836.

The plaintiff demands the rescission of the sale of certain lots in Greenville, on the ground that the defendant, his vendor, acted in bad faith in two respects: 1st, in having avoided to submit the plan of Greenville to the police jury of the parish of Jefferson, previous to the offering for sale of the lots comprised in that plan : 2d, in having sold the lots in question, although he knew that the grounds occupied by them upon his plan was destined for the use of an intended new levee and public road. There is a further allegation of deception on the part of the plaintiff, in selling a portion of the property under the name of batture lots, while in reality there was no batture at that place.

As to the first of these alleged instances of bad faith, no law has been cited which makes it the duty of any citizen who converts a *rural* into an *urban* estate, by dividing a plantation into building lots, to submit his plan of division of his plantation to the supervision or the approval of the police jury.

Upon the second ground, to wit, that the plaintiff has been evicted of a portion of the property sold, by the formation of a road and levee, it would seem to be rather a matter for the action of warranty than of rescission of the contract, but for the allegation of bad faith in the vendor, in withholding from his vendor the knowledge which he is said to have possessed of the probability and necessity of the change in the road. It is proved that a road was made several years before the sale with the consent of the then proprietor of the ground, on the line of the road ordered by the police jury subsequently to the sale, which road was used by the

public, and it is said this road should have figured upon the plan of Greenville submitted to the bidders at the time and place of sale; that said road did not figure in said plan, and thereby the defendant rendered himself guilty of a fraudulent concealment of a feature in the property materially affecting the value of the lots purchased by the plaintiff. The solution of this point in the case depends upon the answer to the following query: Was the road made by Bozeman a public road agreeably to law? For if this question be resolved in the affirmative, it is clear that the defendant could confer upon his vendees no right to the use of the soil occupied by such road, and the omission of it upon the plan was a deception injurious to the bidders, and entering into the definition of fraud, in article 1841 of the Louisiana Code.

The first section of an act of Assembly of the 13th of March, 1818, declares that all roads in this state that have been opened, laid out or appointed by virtue of any act of the legislature theretofore made, or by virtue of an order of any of the police juries in their respective parishes, are declared to be public roads, as also are all roads made on the front of their respective tracts of land by individuals, when the said lands have their fronts on any of the rivers or bayous within this state.

The second section of the same law enacts that all roads thereafter to be opened and made shall be laid out by a jury of freeholders consisting of at least six inhabitants of the parish where the said road is to be made, which jury shall be appointed for that purpose by the police jury who order the said road to be laid out, &c.

The third section provides that all roads so laid out shall be deemed public roads.

This statute is the law which prescribes the formalities necessary to establish a public road in Louisiana at this time.

The district judge was of opinion the plaintiff failed to make out his case, entered judgment for the defendant, and the plaintiff appealed.

*J. Seghers,* for the plaintiff and appellant.

*Roselius, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment which rejects his claim to the rescission of the sale of certain lots which he purchased from the defendant.

His claim rests on the following allegations:

1. That the defendant sold according to a plan which he had omitted to submit for the approbation of the police jury.

2. That he concealed from the plaintiff a material circumstance, to wit, that a part of the lots sold was destined to be occupied as a levee and public road.

3. That he deceived the plaintiff by selling part of the property as batture lots, when in reality there was no batture at that place.

It does not appear to us that the District Court erred.

I. No law requires him, who divides a tract of land into lots, to submit any plan to the police jury.

II. It is not shown that there was a destination of any part of the premises to be used as a levee or public road. A private road had been made by a former possessor of the land, which being found more commodious than the public road along the levee, was more generally used than the latter, which was consequently neglected. The former had been offered to the syndic, and accepted by him, as a substitute for the public road. After the sale, the police jury converted the private road into a public one. The district judge has correctly concluded, that the defendant was guilty of no deception in omitting to mark the private road on his plan, and in designating the public one only. The latter had not lost its character, and the former had not become a public road by the mere acceptance of the syndic, who was without authority to alter or change the character of either; and it has been correctly observed, that, if the private road had been marked on the plan, this circumstance might have given rise to the claim of a servitude injurious to his interest and that of the purchaser.

*A proprietor who divides a piece of his land into town lots, is not required to submit a plan of his town for the approval of the police jury.*

*So. the owner is not guilty of deception towards purchasers of lots, when he omits to mark on his plan, a private road which had been used to pass over his land, and which is afterwards taken by the police jury for a public one. It is sufficient to designate the public road and levee, existing as such at the time.*

· The action of the police jury after the sale was legal or illegal. If legal, it was *damnum absque injuria;* if illegal, it could give no claim to the plaintiff on the defendant.

III. The surveyor who drew the plan by which the sale of the lots in question was made, has attested to its correctness; and his testimony is not contradicted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.